UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DOMINIQUE DOSSIE

                         Plaintiff

    -against-
                                                   COMPLAINT
                                                   PLAINTIFFS DEMAND
THE CITY OF NEW YORK                   TRIAL BY JURY
 et al

                                                 14-cv-020303

                      Defendants
------------------------------------------------------------------------X


MICHAEL COLIHAN- ATTORNEY AT LAW
                                                                       44 Court Street
                                                                           Suite 906
                                                              Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DOMINIQUE DOSSIE

                             Plaintiff
    -against-

                                                         COMPLAINT
                                                          PLAINTIFF  DEMANDS
THE CITY OF NEW YORK, P.O. CHRISTOPHER    TRIAL BY JURY
PADIN and POLICE OFFICER JOHN DOE 1-10

                                                             14-cv-02303

                             Defendants
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiff DOMINIQUE DOSSIE  Malicious prosecution is claimed as well The charges were false and were eventually dismissed after the plaintiff suffered wrongful incarceration. The plaintiff did not consent to the confinement on any of the occasions as set forth below and it was not otherwise privileged..  By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff

further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b)

4. The acts complained of above are not an isolated incident. They are part of a pattern of abuse by the New York City Police Department in the City of New York of false arrests, particularly against minorities. The motivation includes but is not limited to obtaining overtime compensation, the statistical needs of the NYPD, and other improper motives.

## PARTIES

5. That at all times hereinafter mentioned, the plaintiff DOMINIQUE DOSSIE was and still is a resident of the City & State of New York.

6. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

7. That the defendant P.O.CHRISTOPHER PADIN was and is an agent, servant and employee the defendant THE CITY OF NEW YORK..

8. That the defendants POLICE OFFICER JOHN DOE 1-20 were agents, servants and employees of the defendant THE CITY OF NEW YORK.

### STATEMENT OF RELEVANT FACTS FIRST INCIDENT

9. That on or about the 10th day of July, 2014 the plaintiff was lawfully in in the County of Kings, City and State of New York, at or near 333 Georgia Avenue. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

10. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to P.O. CHRISTOPHER PADIN and POLICE OFFICER JOHN DOE 1-10.

11. That the plaintiff was wrongfully incarcerated. She was prosecuted under docket number 2013KN052184 of the Criminal Court of the City of New York & County of Kings The charges included violation of New York State Penal Law 240.20 and 205.30.

12. While the plaintiff was being held, his designated " arresting officer

P.O.CHRISTOPHER PADIN, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

13. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

14. Upon information and belief, defendants misrepresented to the Kings County District Attorney's Office and the Criminal Court of the City of New York and County of Kings that the plaintiff had committed one or more offenses.  Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..

15. That the defendant continued with the prosecution of this action even though they knew the charges were false and baseless. This was done deliberately and with the intent of harassing and damaging the plaintiff. The malicious prosecution continued until 1/9/14 when the matter was dismissed in the Criminal Court of the City of New York and County of Kings.

16.  That by reason of the foregoing the plaintiff suffered  and suffered  serious psychological injuries, some of which, upon information & belief are  permanent in nature.

**FIRST CLAIM OF FALSE ARREST , IMPRISONMENT AND MALICIOUS PROSECUTION UNDER STATE LAW AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED POLICE OFFICERS**

17. Plaintiff repeats the foregoing allegations

18. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

19. Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest

20. Defendants continued with the prosecution of the aforementioned fort. criminal cases even though the charges were false ed and baseless in order to intentionally damage and harass the plaintiff        .

21. Accordingly, defendant are labile to plaintiffs under New York State for false arrest and imprisonment, as per the Fourth Amendment. for the incident as set forth above.

**SECOND CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS**

22. Plaintiff repeats the foregoing allegations

23. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

24. Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest.

25. Defendant's actions in making false allegations against the plaintiff ,in injuring her, in arresting her, in incarcerating her, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

26. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress. for the incident complained of.

### THIRD CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

27. Plaintiff repeats the foregoing allegations

28. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

29. Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest.

30. Defendant's actions in making false allegations against the plaintiff, in injuring her, in arresting her, in incarcerating her, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

31. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress. for the incident complained of.

## FOURTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

32. Plaintiff repeats the foregoing allegations

33. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest , excessive force, summary punishment without trial & due process of law.

34. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court  for the three incidents of March 27, 2012, August 1, 2012 and December 18, 2012.. Her rights were violated because he was deprived on his liberty as stated above.

r

## FIFTH CLAIM- MONELL VIOLATION

35. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

37.. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

38. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD, and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

39. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

40. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

41. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

42. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

43. There has been a pattern of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Souther Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned

by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv-02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits


44. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.


45. . The City's failure to act resulted in a violation of the plaintiff's constitutional rights

46.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

48. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

   a. Compensatory damages in an amount which this Court shall consider to be just and fair:

   b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

   c. Attorney's fees in an amount which this Court shall consider just & fair;

   d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

March 27, 2014.

    -------------------/s/--------------------------

    MICHAEL COLIHAN (MC-0826)

   Attorney for the Plaintiff

     44 Court Street

     Suite 906

     Brooklyn, NY 11201

     (718) 488-7788

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street

Suite 906

Brooklyn, New York 11201

Phone (718) 488-7788

Clerk of the Court

Civil Filings                            March 27, 2014

United States District Court

Southern District of New York            Dossie v NYC et al

500 Pearl Street

NY, NY 10038

Dear Mesdames & Sirs:

    I represent the plaintiff in this action. I have enclosed all the forms and fees needed to file an action in this case. Please stamp and return the copy in the SASE.

    I thank the Court for its time and attention & BEST REGARDS.

MC/ll                                    Very Truly Yours,

.

                                              Michael Colihan